```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - - - - - - - - X
 3
     UNITED STATES OF AMERICA,          :      11-CR-838
 4
                     v.                 :      U.S. Courthouse
 5                                             Brooklyn, New York
     MICHAEL DARAGJATI,                  :
 6                                             January 24, 2011
                     Defendant.         :      11:30 o'clock a.m.
 7
     - - - - - - - - - - - - - - - - - - X
 8

 9                         TRANSCRIPT OF PLEA
                      BEFORE THE HONORABLE WILLIAM F. KUNTZ, II
10                        UNITED STATES DISTRICT JUDGE

11
     APPEARANCES:
12
     For the Government:            LORETTA E. LYNCH
13                                  United States Attorney
                                    By:   PAUL TUCHMANN
14                                  Assistant U.S. Attorney
                                    225 Cadman Plaza East
15                                  Brooklyn, New York 11201

16   For the Defendant:            RONALD P. FISCHETTI, ESQ.
                                    ERIC FRANZ, ESQ.
17

18   Court Reporter:              Anthony M. Mancuso
                                   225 Cadman Plaza East
19                                 Brooklyn, New York 11201
                                   (718) 613-2419
20

21

22

23   Proceedings recorded by mechanical stenography, transcript
     produced by CAT.
24

25
```

1          (Case called; both sides ready.)

2          MR. TUCHMANN:

3          MR. FISCHETTI:  Ronald P. Fischetti, your Honor.  I

4     represent the defendant who is sitting next to me.

5          THE COURT:  Good morning, Mr. Fischetti.  The court

6     recognizes the distinguished practitioner.  Would you

7     introduce your client by name?

8          MR. FISCHETTI:  Michael Daragjati.

9          THE COURT:  Spell that for the court.

10         MR. FISCHETTI:  D A R A G J A T I.

11         THE COURT:   Good morning, sir.

12         THE DEFENDANT:  Good morning, your Honor.

13         MR. FISCHETTI:  With me is Mr. Eric Franz who is

14    also assisting in this case.

15         MR. FRANZ:  Good morning.

16         THE COURT:  Would you be kind enough to spell your

17    name.

18         MR. FRANZ:  E R I C, last name, Franz, F R A N Z.

19         THE COURT:  Counsel for the government.

20         MR. TUCHMANN:  Paul Tuchmann, T U C H M A N N.

21         THE COURT:  Good morning, sir.

22         Counsel, you may remain seated throughout the

23    conference.  That's the way the microphones are set up.  It is

24    easier for the court and the court reporter to be able to hear

25    you.

1          Are there any other counsel who wish to have their

2     appearances noted for the record today?

3               Mr. Fischetti, does the defendant speak English.

4               MR. FISCHETTI:  He does, your Honor.

5               THE COURT:   Thank you, sir.

6               THE COURT:  I'm asking all counsel:  Are you aware

7     of any Curcio issues in this case, issues concerning any

8     potential conflict that might arise between the defendant,

9     Mr. Daragjati, and his counsel?

10              MR. FISCHETTI: I know of none, your Honor.

11              MR. TUCHMANN:  No, your Honor.

12              THE COURT:  Mr. Jackson, would you be please be so

13    kind as to swear the defendant.

14              (Defendant sworn.)

15              THE COURT:  Thank you, you may be seated, sir.  I'll

16    ask you to keep your voice up and into the microphone.

17              THE DEFENDANT:  Yes, your Honor.

18              THE COURT:  Thank you, sir.

19    BY THE COURT:

20    Q     How old are you, sir?

21    A     32, sir.

22    Q     What is your birthday?

23    A     May 30, 1979.

24    Q     Would you describe your educational background beginning

25    with grammar school?

ANTHONY M. MANCUSO,   CSR  OFFICIAL COURT REPORTER

1  A    Yes.  My grammar school was St. Charles Elementary,

2  Staten Island.

3  Q    What year did you graduate?

4  A    '93.

5  Q    And after that, sir?

6  A    Monsignor Farrell High School, Catholic High School in

7  Staten Island.

8  Q    What year did you graduate from Monsignor Farrell?

9  A    I believe it was 1997.

10  Q    After that, sir?

11  A    St. John's University, Staten Island.

12  Q    And what year did you finish your studies there?

13  A    Around 2001 to 2002.

14  Q    What did you do after that, sir?

15  A    At that time I had a small car sales business and right

16  after graduating, not too long after, about a year and a half

17  later, I was accepted to the police department, City of New

18  York.

19  Q    When did you enter the police academy?

20  A    2003, July of 2003.

21  Q    When did you graduate from the police academy, sir?

22  A    December, January 2004.

23  Q    Prior to coming here today, sir, have you taken any drugs

24  or any medicine or medication or any pills or consumed any

25  alcoholic beverages within the past 24 hours, sir?

1    A      No, your Honor.

2    Q      Do you understand what is happening in this courtroom

3    today, sir?

4    A      I do, your Honor.

5            THE COURT:    Counsel, do any of you have any doubts

6    as to the competence of this defendant at this time?

7            MR. FISCHETTI:   We have none, your Honor.

8            MR. TUCHMANN:   No, your Honor.

9            THE COURT:   The court hereby finds, based upon the

10   record of the defendant's representations and the

11   representation of all counsel of record, that the defendant is

12   competent to proceed today.

13   Q      Sir, I will now read to you the charges set forth in the

14   information before this court and I would ask to have that

15   information marked  --

16           THE COURT:   Has it been premarked?

17           MR. TUCHMANN:   The information has not been marked,

18   your Honor.

19           THE COURT:   Why don't we mark that then without

20   objection as Court Exhibit 1 for identification and I'll ask

21   counsel for the government to show it to defense counsel and

22   see if Mr. Fischetti will confirm that it is entire and

23   complete.

24           MR. FISCHETTI:   It is, your Honor.

25           THE COURT:   Thank you.

1          Does the government wish to move it into evidence?

2          MR. TUCHMANN:   Your Honor, I wish that it be filed

3    with the clerk at the conclusion of this plea proceeding.

4          THE COURT:   All right.   If there's no objection to

5    it coming into evidence, I will have it come into evidence.

6          MR. TUCHMANN:   Yes, your Honor.

7          THE COURT:   Any objection, Mr. Fischetti?

8          MR. FISCHETTI:   No, your Honor.

9          THE COURT:   Thank you.   It is in evidence as Court

10   Exhibit 1 in evidence.

11         (So marked.)

12   Q    Let me now read it to you.   Information, Title 18 USC,

13   sections 242, 1951(a), 2 and 3551 and following.

14         MR. FISCHETTI:   Your Honor, if I may, I have gone

15   over the information with my client.   He acknowledges it and

16   he's read it and I would waive the reading if it's okay with

17   the court.

18         THE COURT:   I would like to read it so it's clear

19   for my friends on the 17the floor across the harbor.

20   Sometimes they have a different view about these things.

21         MR. FISCHETTI:   As you wish, your Honor.

22   Q    The information reads follows:   The United States

23   Attorney charges at all times relevant to this information

24   unless otherwise indicated:

25         Introduction.

ANTHONY M. MANCUSO,   CSR   OFFICIAL COURT REPORTER

1          1.   The defendant Michael Daragjati was employed as

2     a police officer by the New York City Police Department,

3     (NYPD), Daragjati also performed construction and snow-removal

4     work in his off duty hours for Essential Renovations, a

5     company he controlled.

6          2.   On or about March 4, 2011, Daragjati and several

7     associates, believing that John Doe #1, an individual whose

8     identity is known to the United States Attorney, had stolen

9     snowplow equipment that belonged to Daragjati, assaulted John

10    Doe #1 in a parking lot in Staten Island and threatened to

11    violently injure John Doe #1 if he did not return the snowplow

12    equipment to Daragjati.

13         3.   On April 15, 2011, Daragjati, who is Caucasian,

14    stopped and frisked an African American male, John Doe #2, an

15    individual whose identity is known to the United States

16    Attorney.  Following a verbal exchange between Daragjati and

17    John Doe #2, Daragjati placed John Doe #2 under arrest.

18         4.   Daragjati later wrote an arrest report charging

19    John Doe #2 with, among other offenses, resisting arrest.

20    Daragjati also swore out a criminal complaint, which was filed

21    in Richmond County Criminal Court, charging John Doe #2 with

22    resisting arrest.  Daragjati knowingly made false statements

23    in the arrest reports and criminal complaint to justify John

24    Doe #2's arrest and detention on the resisting arrest charge.

25         5.   On April 16, 2011, after Daragjati finished

ANTHONY M. MANCUSO,  CSR  OFFICIAL COURT REPORTER

1    swearing out the complaint against John Doe #2 in Richmond

2    County Criminal Court, he told a friend during a telephone

3    conversation that he had just gotten out of court, where he

4    had "fried another nigger."

5              Count one, attempted extortion.

6              6.   The allegations contained in paragraphs one

7    through five are realleged and incorporated as if fully set

8    forth herein.

9              7.   In or about and between March 2011 and May 2011,

10   both dates being approximate and inclusive, within the Eastern

11   District of New York and elsewhere, the defendant Michael

12   Daragjati, together with others, did knowingly and

13   intentionally attempt to obstruct, delay and affect commerce,

14   and the movement of articles and commodities in commerce, by

15   extortion, in that the defendant and others attempted to

16   obtain property, to wit: snowplow equipment, with the consent

17   of John Doe #1, which consent was to be induced through

18   wrongful use of actual and threatened force, violence and

19   fear.

20             (Title 18, United States Code, sections 1951(a), 2

21   and 3551 and following.)

22             Count Two.

23             Deprivation of civil rights.

24             8.   The allegations contained in paragraphs one

25   through five are realleged and incorporated as if fully set

ANTHONY M. MANCUSO,   CSR   OFFICIAL COURT REPORTER

1   forth herein.

2           9.   On or about and between April 15, 2011 and April

3   17, 2011, both dates being approximate and inclusive, within

4   the Eastern District of New York, the defendant Michael

5   Daragjati, while acting under color of law, did knowingly and

6   wilfully deprive John Doe #2, an individual whose identity is

7   known to the United States Attorney, of the right secured and

8   protected by the constitution and laws of the United States to

9   be secure in his person and free from unreasonable search and

10  seizure by one acting under color of law, by intentionally

11  arresting, detaining and prosecuting John Doe #2 on the charge

12  of resisting arrest, knowing that there was no probable cause

13  for such clarify.

14          Titles 18, United States Code, sections 242 and 3551

15  and following.

16          Loretta E. Lynch, United States Attorney, Eastern

17  District of New York.

18          Counsel, have I read the information correctly?

19          MR. TUCHMANN:   Yes, your Honor.

20          MR. FISCHETTI:   Yes, your Honor.

21          THE COURT:   Have I read the information in its

22  entirety?

23          MR. FISCHETTI:   Yes, your Honor.

24          MR. TUCHMANN:   Yes, your Honor.

25  BY THE COURT:

ANTHONY M. MANCUSO,   CSR   OFFICIAL COURT REPORTER

1  Q   Mr. Daragjati, I understand that you are willing to and

2  will waive your right to a grand jury?

3      I will now describe the significance of waiver of

4  grand jury indictment in favor of an information and obtain on

5  the record your acknowledgment on the record of the knowing

6  waiver of indictment in favor of information.

7      The charges I have just read from the information

8  are serious.  Count one of the indictment is a felony charge

9  and because it is a felony charge you have a constitutional

10  right to be charged by way of an indictment brought against

11  you by a grand jury.  The grand jury is a group of at least 16

12  and not more than 23 people who listen to evidence presented

13  by the government and at least twelve of them must find that

14  there was probable cause to believe that you committed the

15  crimes that the government is seeking to charge you with.  The

16  government could present the evidence to the grand jury and

17  the grand jury could vote to indict you or they could vote not

18  to indict you.  But the only way the government can proceed

19  against you on these charges is either by presenting them to a

20  grand jury and having the grand jury vote to indict you or, if

21  you agree, you can give up your right to have the case

22  presented to the grand jury and, in that case, what would

23  happen would be that the government would proceed against you

24  on the charges in the information just as if the grand jury

25  heard the evidence and voted to indict you.

1          Do you understand all of that, sir?

2    A    Yes, your Honor.

3    Q    Have you discussed waiving your right to the be indicted

4    by the grand jury with your counsel?

5    A    Yes.

6    Q    Do you wish at this time to waive your right to be

7    indicted by the grand jury?

8    A    Yes, your Honor.

9    Q    Has anyone made any threats or made any promises to get

10   you to waive indictment, sir?

11   A    No, your Honor.

12          THE COURT:   May I have the waiver of indictment

13   form?

14   Q    Did you sign the waiver of indictment form that I have

15   before me marked as Court Exhibit 2, sir?

16   A    Yes, your Honor.

17   Q    And did you discuss this form with your attorney before

18   you signed it?

19   A    Yes, I did, your Honor.

20          THE COURT:   Do I have a motion from the government

21   to move as Court Exhibit 2 the waiver of indictment into

22   evidence?

23          MR. TUCHMANN:   The government moves that the waiver

24   indictment be admitted into evidence.

25          THE COURT:   Any objection, Mr. Fischetti?

1          MR. FISCHETTI:   None, sir.

2          THE COURT:   It is admitted into evidence.

3          (So marked.)

4          THE COURT:   I also understand that the defendant is

5     waiving any challenge to and is consenting to venue in the

6     Eastern District of New York.

7          Is that accurate, Mr. Fischetti?

8          MR. FISCHETTI:   It is.

9          THE COURT:   Counsel for the government, is that

10    accurate?

11         MR. TUCHMANN:   Yes, your Honor.

12         THE COURT:   Counsel, do either of you know any

13    reason why the defendant should not waive indictment?

14         MR. TUCHMANN:   No, your Honor.

15         MR. FISCHETTI:   No, sir.

16         THE COURT:   At this time I will now endorse the

17    waiver of indictment form.

18         I find that the defendant has, in fact, been advised

19    of the nature of the charges in the proposed information and

20    of his right to be indicted by a grand jury with respect to at

21    least one of those charges and that he has hereby waived the

22    presentment of those charges to the grand jury.  Thus the

23    defendant has agreed to proceed by way of an information

24    rather than an indictment.

25    BY THE COURT:

ANTHONY M. MANCUSO,   CSR   OFFICIAL COURT REPORTER

1    Q    Do you understand that on count one, attempted extortion,

2    you did knowingly and intentionally attempt to obstruct, delay

3    and affect commerce in the movement of articles and

4    commodities in commerce by extortion and that the defendant

5    and others attempted to obtain property, to wit, snowplow

6    equipment, with the consent of John Doe #1, which consent was

7    to be induced through wrongful use of actual and threatened

8    force, violence and fear in violation of Title 18, United

9    States Code, section 1951(a) two and sections 3551 and

10   following?

11        Do you understand that under count one, the Hobbs

12   Act extortion count, the maximum penalty that could be imposed

13   upon you is a maximum term of imprisonment of 20 years, under

14   Title 18 United States Code section 1951(a)?

15        Do you understand that, sir?

16   A    Yes, your Honor.

17   Q    Do you understand that the minimum term of imprisonment

18   is no imprisonment, that the maximum supervised release term

19   is three years to follow any terms of imprisonment, if a

20   condition of release is violated you may be sentenced up to

21   two years without credit for pre-release imprisonment or time

22   previously served on post release supervision under 18 United

23   States Code section 3553(b) and (e)?

24        Do you understand that, sir?

25   A    Yes, your Honor.

1  Q

2          Do you understand that the maximum fine is $250,000

3  under 18 USC Section 3571(b)(3), that restitution in an amount

4  to be determined by the court under 18 USC under Section 3663

5  and 3663(a) and a special assessment under Section 3013 are

6  also possible?

7          Do you understand that, sir?

8  A    Yes, your Honor.

9  Q    And do you understand that under count one, the civil

10 rights count, you could be imprisoned for up to one full year

11 under Title 18 section 242 of the United States Code?  Do you

12 understand that, sir?

13 A    Yes, your Honor.

14 Q    That you could receive a minimum term of no imprisonment

15 under that section; do you understand that?

16 A    Yes, your Honor.

17 Q    That you could receive a maximum supervised release term

18 of one year to follow any term of imprisonment and that if you

19 violate a condition of release you may be sentenced to up to

20 one year without credit for pre-release imprisonment or time

21 previously served on post release supervision under Title 18

22 USC Section 3583(b) and (e), a maximum fine of $100,000 under

23 Title 18 USC Section 3571(b)(5), that restitution could be

24 ordered in an amount to be determined by this court under

25 Title 18 USC Section 3663 and that a 25 dollar special

1    assessment under Title 18 United States Code 3013 could also

2    be assessed.

3            Do you understand that?

4    A    Yes, your Honor.

5    Q    Do you also understand, sir, that such sentences imposed

6    on each count may run consecutively?

7    A    Yes, your Honor.

8    Q    Now, sir, your attorneys advised this court that you wish

9    to plead guilty to the two counts of the information in which

10   you were charged that I just read to you earlier today.  I

11   say, again, there is a very, very serious decision and I must

12   be certain that you make it understanding your rights and the

13   consequences of your plea.

14           Do you understand that having sworn to tell the

15   truth you must do so?  If you were to lie to this court

16   deliberately in response to any question I ask you you could

17   face further criminal charges for perjury.  Do you understand

18   that, sir?

19   A    Yes, I do, your Honor.

20   Q    If you need me to repeat anything, sir, you have only to

21   ask.  It is crucially important that you understand everything

22   that goes on in these proceedings.

23           Is that clear to you, sir.

24   A    Yes, sir.

25   Q    Now, you are 32 years old, is that correct?

1   A     Yes.

2   Q     Are you presently or have you recently been under the

3   care of a physician, any doctor or a psychiatrist for any

4   reason at all, sir?

5   A     No, your Honor.

6   Q     In the past 24 hours have you taken any pills or any

7   drugs or any medicine?

8   A     No, I haven't.

9   Q     In the past 24 hours have you consumed any alcoholic

10  beverages?

11  A     No, I haven't.

12  Q     Have you been hospitalized or treated for any

13  drug-related problem ever, sir?

14  A     Never, your Honor.

15  Q     Is your mind clear as you sit here today, sir?

16  A     Yes, it is.

17  Q     Do you understand everything that is being said to you by

18  this court?

19  A     I do.

20          THE COURT:  Defense counsel, have you discussed the

21  question of a guilty plea with your client.

22          MR. FISCHETTI:  Yes, your Honor, we have.

23          THE COURT:  In your view, Mr. Fischetti, does he

24  understand the rights that he would be waiving by pleading

25  guilty?

1          MR. FISCHETTI:  He does, your Honor.

2          THE COURT:  Do you have any questions as to his

3   competency to proceed today, sir?

4          MR. FISCHETTI:  None, sir.

5   BY THE COURT:

6   Q    Sir, are you satisfied with the assistance your attorney

7   has given you thus far in this case?

8   A    Very satisfied, your Honor.

9   Q    Do you feel you need more time to discuss with him the

10  question of a guilty plea?

11  A    No.

12  Q    I previously read the charges to you.  Do you need me to

13  read them again, sir?

14  A    No, your Honor.

15  Q    You have a right to plead not guilty to this charge.  No

16  one can be forced to plead guilty.  Do you understand that?

17  A    Yes, your Honor.

18  Q    If you plead not guilty to this charge or if you persist

19  in a plea of not guilty you have a right under the

20  constitution and the laws of the United States of America to a

21  speedy and public trial before a jury, with the assistance of

22  your attorney.  Do you understand that, sir?

23  A    Yes, I do, your Honor.

24  Q    At any trial you would be presumed to be innocent.  You

25  would not have to prove that you were innocent.  This is

ANTHONY M. MANCUSO,   CSR   OFFICIAL COURT REPORTER

1    because under our system of laws it is the government that

2    must come forward with proof that establishes beyond a

3    reasonable doubt that you are guilty of the crime charged.  If

4    the government failed to meet that burden of proof the jury

5    would have the duty to find you not guilty.

6                Do you understand that, sir?

7    A    Yes, your Honor.

8    Q    In the course of trial, witnesses for the government

9    would have to come here to court and testify in your presence.

10   Your lawyer would have the right to cross-examine these

11   witnesses.  Your lawyer could raise legal objections to the

12   evidence the government sought to offer against you.  Your

13   lawyer could offer evidence on your behalf if you thought

14   there was evidence that might help you in this case.

15               Do you understand that, sir?

16   A    Yes.

17   Q    At a trial, you would have the right to testify on your

18   own behalf if you wished to do so.  On the other hand, you

19   could not be forced to be a witness at your trial.  This is

20   because under the constitution and the laws of the United

21   States of America no person can be compelled to be a witness

22   against himself.  If you wish to go to trial but chose not to

23   testify, the court would instruct the jury that they could not

24   hold that against you.

25               Do you understand that, sir?

ANTHONY M. MANCUSO,  CSR  OFFICIAL COURT REPORTER

1    A      Yes, your Honor.

2    Q      If instead of going to trial you plead guilty to the

3    crime charged, and if I accept your guilty plea, you will be

4    giving up your right to a trial and all the other rights I

5    have just discussed.   There will be no trial in this case.

6    There will be no appeal on the question of whether or not you

7    did or did not commit the crime set forth in the information.

8    The only thing you could appeal would be if you thought I did

9    not properly following the law in sentencing you, sir.

10            Do you understand that?

11   A      Yes, your Honor.

12   Q      Otherwise, I will simply enter a judgment of guilty based

13   upon your plea of guilty.

14            Do you understand that?

15   A      Yes, your Honor.

16   Q      If you do plead guilty, I will have to ask you certain

17   questions about what you did in order to satisfy myself that

18   you are, in fact, guilty of the charge.   You will have to

19   answer my questions and acknowledge your guilt.   If you do

20   this you will be giving up your right not to incriminate

21   yourself.

22            Do you understand, sir?

23   A      Yes, your Honor.

24   Q      Sir, are you willing to give up your right to a trial and

25   the other rights I have just discussed with you?

1  A     Yes, I am.

2          THE COURT:   I would ask the United States Attorney

3  if there is an agreement to which this plea is being offered

4  and has it been filed with this court.

5          MR. TUCHMANN:   There is and it has been handed up to

6  your Honor's clerk.

7          THE COURT:   This has been marked as Court Exhibit 3

8  for identification.

9          THE CLERK:   Yes, your Honor.

10          THE COURT:   The plea agreement.

11          Would you show it to Mr. Fischetti and make sure

12  it's complete and entire.

13          MR. FISCHETTI:   It is, your Honor.   It bears my

14  signature and the signature of the defendant.

15          THE COURT:   Thank you, sir.

16  BY THE COURT:

17  Q     Sir, did you see and understand everything that the

18  prosecutor and your attorney just said prior to your signing

19  the written plea agreement?

20  A     Yes, I did, sir.

21  Q     And did you read the plea agreement?

22  A     Yes, I did.

23  Q     And you understand it, sir?

24  A     Yes, I do.

25  Q     Did you have an opportunity to discuss it with your

1    lawyers?

2    A    I did.

3    Q    Is there any other agreement that has been reached or

4    that has been made in order to get you to plead guilty that is

5    not stated in this written agreement which is Court Exhibit 3,

6    the plea agreement?

7    A    No, your Honor.

8    Q    Do you understand, sir, the consequences of pleading

9    guilty to this charge in terms of the terms of possible

10   incarceration?

11   A    Yes, I do.

12   Q    Do you understand the consequences in terms of possible

13   supervised release?

14   A    I do.

15   Q    Do you understand the terms in respect to monetary fines?

16   A    Yes, I do.

17   Q    Do you understand the terms with respect to mandatory

18   special assessments?

19   A    I do.

20   Q    And do you understand the terms with respect to

21   restitution, if that is appropriate?

22   A    Yes, your Honor.

23   Q    Sir, this is a sentencing guideline case so that in

24   sentencing you the court will have to consider certain

25   guidelines which are no longer binding but the court will have

ANTHONY M. MANCUSO,   CSR   OFFICIAL COURT REPORTER

1    to consider them.   Do you understand that, sir?

2    A     Yes, your Honor.

3    Q     And has your counsel discussed the sentencing guidelines

4    with you?

5    A     He has.

6    Q     When the court sentences you, the court will have to

7    consider certain factors about you and the counts in the

8    indictment.   That inquiry will lead the court to consult the

9    guidelines which, as you know, sir, have a sentencing range.

10   The court will consult that range.   The court may go higher or

11   lower than the provisions of the guidelines.   But in most

12   cases the guidelines set forth the range of sentences.

13            Do you understand that, sir?

14   A     Yes, your Honor.

15   Q     Before the court imposes sentence the court will receive

16   a report prepared by the probation department which will

17   recommend a particular guideline to the court.   You and your

18   lawyer will have the opportunity to see that report and if you

19   think the report is mistaken or incomplete in any way, sir,

20   you will have the opportunity to bring that to the attention

21   of the court.

22            Do you understand that, sir?

23   A     Yes, your Honor.

24   Q     Do you have any questions or would you like to ask any

25   questions of the court, sir?

1    A    No.

2            MR. TUCHMANN:   Your Honor, if I may put something on

3    the record?

4            THE COURT:   Of course.

5            MR. TUCHMANN:   Your Honor, in the plea agreement,

6    just for the record, the defendant stipulates that the

7    guidelines calculation  -- which is included in that plea

8    agreement, of course  -- the probation department and the

9    court calculate the guidelines independently.   But through

10   that stipulation the defendant is agreeing not to oppose the

11   government's proposed calculation that is listed in the plea

12   agreement.

13           I just also want to put on the record that also

14   included in the plea agreement is the fact that the defendant

15   agrees not to contest his termination from the New York City

16   Police Department and that he agrees not to apply for any

17   other law enforcement job in the future.

18           THE COURT:   Does the government wish to move Court

19   Exhibit 3, the plea agreement, into evidence?

20           MR. TUCHMANN:   Yes, your Honor.

21           THE COURT:   Is there any objection, Mr. Fischetti?

22           MR. FISCHETTI:   No, your Honor.

23           May I state for the record with regard to his

24   termination from the police department  --

25           THE COURT:   The document is now admitted into

1    evidence.   Please continue.

2            MR. FISCHETTI:  With regard to his termination from

3    the police department we will indeed resign at the time of

4    sentencing, not today.

5            Further, we do stipulate to the accuracy of the

6    guideline range and that's in evidence.   However, your Honor

7    should be aware, as I think your Honor will when you read the

8    plea agreement, that nothing prevents us from moving for a

9    sentence below the guidelines pursuant to Section 3553(a).

10           THE COURT:  I seem to recall something about 63

11   months.

12           MR. FISCHETTI:  63, sir?

13           MR. TUCHMANN:  Your Honor, first of all, I agree

14   with Mr. Fischetti's statement.   As to the 63 months I believe

15   that that refers to the appellate waiver that's in the plea

16   agreement.

17           MR. FISCHETTI:  Right.

18           MR. TUCHMANN:  And that the defendant is agreeing

19   not to appeal any sentence that is 63 months or below.

20           THE COURT:  I was trying to subtly suggest that

21   perhaps I had previously read that.

22           MR. FISCHETTI:  Thank you, your Honor.

23           THE COURT:  Which is now in evidence.

24           Do defense counsel have any additional comments or

25   questions with respect to the plea agreement?

ANTHONY M. MANCUSO,   CSR   OFFICIAL COURT REPORTER

1          MR. FISCHETTI:  I have none, sir.

2          THE COURT:   The prosecutor?

3          MR. TUCHMANN:  No, your Honor.

4          THE COURT:   Is there anything else the Assistant

5    United States Attorney would like to say to the court at this

6    time?

7          MR. TUCHMANN:  No, your Honor.

8          THE COURT:   Defense counsel, do you know of any

9    reason why your client should not enter a plea of guilty to

10   the charge?

11         MR. FISCHETTI:  I know of none, sir.

12         THE COURT:   Mr. Fischetti, are you aware of any

13   viable legal defense to the charge?

14         MR. FISCHETTI:  No, sir.

15   BY THE COURT:

16   Q    Sir, are you ready to plead guilty?

17   A    Yes, your Honor.

18   Q    How do you plead to the charge contained in count one of

19   the information?  Guilty or not guilty.

20   A    Guilty, your Honor.

21   Q    Are you making this plea of guilty voluntarily?

22   A    Yes, I am.

23   Q    Are you making this plea of guilty of your own free will,

24   sir?

25   A    Yes, I am.

ANTHONY M. MANCUSO,  CSR  OFFICIAL COURT REPORTER

1    Q      Has anyone threatened or forced you to plead guilty, sir?

2    A      No, your Honor.

3    Q      Other than the agreement with the government, which is

4    now in evidence as Court Exhibit 3, has anyone, anyone at all,

5    made any promise that caused you to plead guilty?

6    A      No, sir.

7    Q      Has anyone made any promise about the sentence you will

8    receive?

9    A      No, sir.

10   Q      Describe, briefly, sir, in your own words, what you did

11   to commit the crime charged in count one of the information.

12   A      In March of 2011 I believe an individual had stolen a

13   piece of snowplow equipment that belonged to me.  As a result,

14   on or about March 4, 2011 I went with some other people to

15   meet this individual in a parking lot in Staten Island where I

16   threatened the individual with physical harm as a part of the

17   effort to force him to return the stolen plow equipment that I

18   believed he had stolen.  During this encounter the individual

19   was struck in the head causing him physical injury.

20          MR. TUCHMANN:  Your Honor, if there was a trial on

21   these charges, the government would prove that the snowplow

22   equipment that the defendant was attempting to extort was

23   manufactured outside the State of New York and, therefore, was

24   an item that had traveled in interstate commerce and therefore

25   that the subject of the extortion affected interstate

1  commerce.

2          MR. FISCHETTI:  We have gone through that with the

3  prosecutor, your Honor.  We agree.

4          THE COURT:  Thank you.

5          I'm going to ask the court reporter to read back

6  both the comments of the defendant and the colloquy from

7  counsel just to make sure that everyone is on board with the

8  fact of what was said and that it was properly transcribed.

9          (Record read.)

10 Q    Is there anything else you would have to say with respect

11 to that incident, sir?

12 A    No, your Honor.

13         THE COURT:  Is there anything else that the

14 prosecutor wishes to elicit on the statements made?

15         MR. TUCHMANN:  No, your Honor.  I believe that is

16 sufficient.

17         THE COURT:  Based upon the information given to this

18 court I find that the defendant is acting voluntarily, that he

19 fully understands the charges, his rights and the consequences

20 of his plea.  There is, moreover, a factual basis for the

21 plea.  I, therefore, accept the plea of guilty to count one.

22 BY THE COURT:

23 Q    Now, sir, please, briefly describe in your own words what

24 you did to commit the crime charged in count 2 of the

25 information?

1    A      On or about April 15, 2011, while acting in my capacity

2    as a New York police officer in Staten Island, I knowingly and

3    willingly charged an individual with resisting arrest, while

4    knowing that no probable cause existed to support the charge.

5    When I charged this individual with resisting arrest, I knew

6    that doing this would cause the individual to spend the night

7    in jail, which he may not otherwise have done.

8    Q      Does that complete the statement, sir?

9    A      Yes, sir.

10          THE COURT:   Mr. Fischetti, do you have anything to

11   add to that statement?

12          MR. FISCHETTI:   No, your Honor.

13          MR. TUCHMANN:    I have nothing further to add, your

14   Honor.

15          THE COURT:   Based upon the information given to this

16   court, I find that the defendant is acting voluntarily, that

17   he fully understands the charges contained in the second

18   count, that he understands his rights and the consequences of

19   his plea.  I find, moreover, that there is a factual basis for

20   the plea and I, therefore, accept the plea of guilty to count

21   2.

22          Now, I understand that there is an order of

23   detention that is in place.

24          MR. TUCHMANN:   Yes, your Honor.

25          THE COURT:   All right.   That order will continue in

1   place.

2          I hereby order the probation department to set an

3   appropriate date for sentencing in consultation with this

4   court.

5          Is there anything further counsel wishes to state to

6   the court today, Mr. Fischetti?

7          MR. FISCHETTI:  No, sir.

8          MR. TUCHMANN:  No, your Honor.

9          THE COURT:   Then this court is adjourned.

10  Thank you.

11                    oooooo0oooooo

12

13

14

15

16

17

18

19

20

21

22

23

24

25